ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| INVERSIONES M & M INC. <br><br> Apelante <br><br> V. <br><br> AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS Y OTROS <br><br> Apelados | KLAN202400087 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez <br><br> Caso Núm. MZ2023CV02238 <br><br> Sobre: <br><br> Injunction |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 11 de marzo de 2024.

Inversiones M & M, Inc. (en adelante, M & M o apelante) nos solicita la revisión y revocación de la Sentencia Parcial que dictó el Tribunal de Primera Instancia, Sala de Mayagüez el 26 de diciembre de 2023. Mediante referida determinación el foro primario desestimó la causa de acción de *Injunction* Provisional y Preliminar presentado por la aquí apelante, por falta de daño irreparable al existir otros remedios para la resolución de la controversia.

Por los fundamentos que exponemos a continuación, confirmamos con instrucciones la Sentencia Parcial apelada.

## I.

El 20 de diciembre de 2023 Inversiones M & M, Inc. instó una demanda de Interdicto y/o injunction, acción civil, cese y desista y daños y perjuicios contra la Autoridad de Acueductos y Alcantarillados, (en adelante, AAA). En apretada síntesis, alegó

Número Identificador

SEN2024 _____

que es dueña y opera un negocio de restaurante con el nombre comercial de La Vaca Enfurecida, en el 1 Calle Muñoz Rivera, Boquerón, Cabo Rojo, Puerto Rico. Que obtuvo el servicio de agua y alcantarillados mediante una cuenta-contrato número 00023095354. Mencionó que la dirección postal era en la Urb. Sylvia, Calle 6 D32, Corozal, PR 00783. Alegó que la AAA registró de manera errónea la dirección física y postal inscrita en la cuenta-contrato 00023095354 como "9 Muñoz Rivera, Cabo Rojo, PR 00623". Alegó que la AAA expidió una carta con fecha del 21 de julio de 2023 sobre alegada "Transferencia de Balance" del contrato número 000225909969 a la cuenta del demandante número 000230953549 por la suma de $25,248.51. Adujo que el 8 de agosto de 2023 objetó la transferencia, pero el 14 de agosto de 2023 la AAA le requirió evidencia de la impugnación, lo cual consideró una violación a la ley, reglamentos y al debido proceso. Indicó que el 13 de diciembre de 2023 la AAA le suspendió los servicios de agua al local y negocio. Como remedio solicitó que se expida una orden urgente de entredicho provisional para que le reinstalen los servicios de agua de inmediato, más el señalamiento de una vista y que el caso de daños continúe bajo el proceso ordinario.

El 26 de diciembre de 2023 el TPI dictó sentencia parcial desestimando parte de los reclamos. Mencionó el foro, en síntesis, que a través de la Ley 33-1985 "Ley para Establecer Requisitos Procesales Mínimos para la Suspensión de Servicios Públicos Esenciales", el abonado del servicio esencial, mediante un procedimiento administrativo, podrá objetar la suspensión del servicio y aportar prueba sobre sus alegaciones. Agregó que la notificación sobre el procedimiento administrativa fue incluida en la factura anejada a la demanda con fecha del 26 de abril de 2023

y la factura del 25 de agosto de 2023. El foro primario aludió además al artículo 1536 del Código Civil de Puerto Rico (Ley Núm. 55-2020) que reconoce que la persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo. Consecuentemente, el foro decretó desestimar la causa de acción de Entredicho Provisional e Injunction Preliminar presentado por la parte demandante, "por falta de un daño irreparable al existir remedios ordinarios para la resolución de la controversia."[1]

En desacuerdo, el 27 de diciembre, Inversiones M & M presentó una *Moción Urgente de Reconsideración y/o Determinaciones iniciales y/o Adicionales*. Alegó que la AAA no cumplió con la Ley 33-1985 pues suspendió el servicio de agua, sin hacer una investigación por la objeción realizada y sin notificar un resultado conforme dispone el artículo 3 de la Ley 33-1985. A esos efectos, le solicitó al foro primario que reconsidere y emita una orden de entredicho provisional o de *injunction preliminar* para que se reinstale el servicio de agua pues el daño es irreparable al no obtener remedios con la Ley 33-1985. Solicito una vista para después de emitido el *injunction*. El 28 de diciembre de 2023 el TPI declaró *No Ha Lugar* la petición de Inversiones M & M.

Tras otros trámites innecesarios pormenorizar, el 26 de enero de 2024 la AAA presentó la *Contestación a la demanda y Reconvención.* Aceptaron que se le suspendió el servicio de agua al reclamante. No obstante, aclaró que no fue por la falta de pago por la transferencia, sino por el incumplimiento con un plan de pago suscrito entre la AAA y la demandante el 15 de septiembre del 2023 para satisfacer la deuda a ese momento por la cantidad de $11,493.94. Alegaron como defensa afirmativa la falta de

---

[1] Apéndice pág. 8.

agotamiento de remedios administrativos, pues a la fecha de la radicación de la demanda la AAA no había tomado una determinación final sobre la transferencia de los $25,000 a la cuenta de la demandante. En la reconvención, alegó que el 15 de septiembre del 2023 suscribió un plan de pago con la demandante, para satisfacer la deuda de la demandante por la cantidad de $11,493.94. Sostuvo que la parte demandante no cumplió con el plan de pago, por lo que procede su pago de forma inmediata. Por lo cual, le solicitó al Tribunal que ordene a la parte demandante a pagar la cantidad de $9,139.39 en su totalidad más los intereses, costas y honorarios de abogado.

El 29 de enero de 2024 Inversiones M & M presentó una *Réplica a Reconvención*. Adujo, en síntesis, que los planes de pago eran ilegales en violación a la Ley 14-2014. Además, indicó que quedaba un balance mínimo y que unieron los $25,248.51 a cualquier otro balance. Mencionó que la suspensión del servicio no fue por incumplir el plan de pago.

Entretanto, ese mismo 29 de enero de 2024 Inversiones M & M presentó una Apelación en este foro intermedio. Arguyó que incidió el foro primario al:

> **Primero**: Al no dictar un entredicho provisional ordenando la reinstalación del servicio de agua a los demandantes.
>
> **Segundo**: Al dictar sentencia parcial desestimando la demanda de entredicho provisional, preliminar, injunction preliminar y permanente.
>
> **Tercero**: Al dictar sentencia parcial desestimando la demanda de entredicho provisional, preliminar, injunction preliminar y permanente sin la celebración de una vista.
>
> **Cuarto**: Al negarse reconsiderar la sentencia parcial y no señalar vista en virtud de la Regla 56 de Procedimiento Civil.

El 13 de febrero de 2023 Inversiones M & M presentó una *Moción en apoyo a expedición del recurso*. En su escrito nos

informó que el único fundamento del Tribunal de Primera Instancia para dictar la sentencia parcial fue que el demandante tenía remedios contra la AAA en virtud de la Ley 33-1985. No obstante, informó que, mediante carta del 22 de enero de 2024 (posterior a la apelación) la AAA le contestó que la reclamación administrativa no fue cubierta ni será cubierta bajo el procedimiento establecido de la Ley Núm. 33-1985. Ante ello, alegó que el demandante no tuvo ni tendrá remedios bajo la Ley 33-1985, por lo que el TPI erró al desestimar la acción de forma precipitada.

El 15 de febrero de 2024 la AAA presentó la *Oposición a la Apelación*. Mencionaron que estarán reestableciendo el servicio de agua potable en lo que se dilucidaba la reconvención en el foro en el TPI.[2] Agregaron que comenzó el proceso administrativo para cuestionar la transferencia y le tocaría al apelante solicitar que se concluya, incluyendo la posibilidad de solicitar la vista ante un juez administrativo conforme la sección 3.17 de la Ley de Procedimiento Administrativo Uniforme[3]. Reiteró que el demandante debe agotar los remedios administrativos disponibles.

Varios días después, el 20 de febrero de 2024 la AAA presentó una *Moción Informativa*. Explicó que el 16 de febrero el personal de la AAA se presentó en las facilidades para reconectar

---

[2] Oposición a Apelación, pág. 7.
[3] Ley de Procedimiento Administrativo Uniforme, Sección 3.17. Procedimiento Adjudicativo de Acción Inmediata. (a) Una agencia podrá usar procedimientos adjudicativos de emergencia en una situación en que exista un peligro inminente para la salud, seguridad y bienestar público o que requiera acción inmediata de la agencia. (b) La agencia podrá tomar solamente aquella acción que sea necesaria dentro de las circunstancias descritas en el inciso (a) precedente y que justifique el uso de una adjudicación inmediata. (c) La agencia emitirá una orden o resolución que incluya una concisa declaración de las determinaciones de hecho, conclusiones de derecho y las razones de política pública que justifican la decisión de la agencia de tomar acción específica. (d) La agencia deberá dar aquella notificación que considere más conveniente, a las personas que sean requeridas a cumplir con la orden o resolución. La orden o resolución será efectiva al emitirse. (e) Después de emitida una orden o resolución de conformidad a esta Sección la agencia deberá proceder prontamente a completar cualquier procedimiento que hubiese sido requerido, si no existiera un peligro inminente. 3 LPRA sec. 9657.

el servicio y que identificó que el contador estaba mutilado, sin los aditamentos antihurto. Informaron que, por ello, tomaron la decisión de no conectar el servicio hasta tanto el cliente ayude a aclarar los hallazgos. Adujeron que se le dejó comunicación sobre el proceso a seguir para reestablecer el servicio.

Atendidos los escritos, disponemos.

**II.**

**A.**

El entredicho Provisional, *injunction* o interdicto es un recurso extraordinario discrecional, cuyos contornos se delimitan en los Artículos 675-695 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA secs. 3521-3566 y por la Regla 57 de Procedimiento Civil, 32 LPRA Ap. V Regla 57. Se define como un mandamiento judicial expedido por un tribunal, con el cual se requiere que una persona se abstenga de hacer, o de permitir que se haga por otras bajo su intervención, determinada cosa que infrinja o perjudique el derecho de otra. 32 LPRA sec. 3521.

Nuestro ordenamiento jurídico reconoce tres (3) modalidades de *injunction*, éstos son: el *injunction* permanente, *injunction* preliminar y el entredicho provisional. Ver Regla 57 de Procedimiento Civil, supra.

La orden de entredicho provisional que emita un tribunal, que puede inclusive dictarse ex parte, al evaluar la Demanda luego de presentada, debe cumplir con los requisitos de las Reglas 57.1 y 57.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 57.4. Éstos son: (1) ser preciso en cuanto a lo que se prohíbe o exige hacer; (2) detallar por qué el daño es inminente, inmediato e irreparable; (3) explicar por qué se emitió sin notificación previa; e (4) incluir la cuantía de la fianza que se le requirió al

demandante para que pueda responder por daños y costas en caso de que se haya expedido indebidamente.

En términos generales, el interdicto está encaminado a prohibir u ordenar la ejecución de determinado acto, con el fin de evitar que se causen perjuicios inminentes o daños irreparables a alguna persona, en casos en los que no hay otro remedio adecuado en ley. VDE Corporation v. F & R Contractors, 180 DPR 21, 40 (2010). Para determinar si procede es necesario examinar si la acción que se pretende evitar o provocar, connota o no un agravio de patente intensidad al derecho del individuo que reclama una reparación urgente. *Íd*. Es decir, la parte promovente deberá demostrar que, de no concederse el remedio, sufrirá un daño irreparable. *Íd*. Un daño irreparable es aquél que no puede ser satisfecho adecuadamente mediante la utilización de los remedios legales disponibles. *Íd*; véase, además, Pérez Vda. Muñiz v Criado, 151 DPR 355, 373 (2000). El propósito fundamental del *injunction* preliminar es el de mantener el *status quo* hasta que se celebre el juicio en sus méritos, por lo cual la orden de *injunction* preliminar, ya sea requiriendo un acto o prohibiéndolo, evita que la conducta del demandado produzca una situación que convierta en académica la sentencia que finalmente se dicte, o que se le ocasionen daños de mayor consideración al peticionario mientras perdura el litigio. Mun. Ponce v. Pedro Roselló González, 136 DPR 776, 784 (1994).

Así pues, para expedir un *injunction* preliminar, se evalúa (a) la naturaleza del daño a que está expuesto la parte peticionaria; (b) la irreparabilidad del daño o **la inexistencia de un remedio adecuado en ley**; (c) la probabilidad de que la parte promovente prevalezca; (d) la probabilidad de que la causa se torne en académica; (e) el impacto sobre el interés público del

remedio que se solicita, y (f) la diligencia y la buena fe con que ha obrado la parte peticionaria. Regla 57.3 de Procedimiento Civil, 32 LPRA Ap. V. (Énfasis nuestro)

Por otra parte, el *injunction* permanente se produce por una sentencia final. Después del juicio en sus méritos y antes de ordenar un *injunction* permanente, el Tribunal debe tomar en consideración, nuevamente, la existencia o ausencia de algún otro remedio adecuado en ley. Los factores que se deben tomar en consideración para emitir el recurso de *injunction* permanente son: (1) si el demandante ha prevalecido en un juicio en sus méritos; (2) si el demandante posee algún remedio adecuado en ley; (3) el interés público envuelto; y (4) el balance de equidades. Aut. Tierras v. Moreno & Ruiz Dev.Corp., 174 DPR 409, 428 (2008). Procede conceder una petición de *injunction* permanente si la parte que lo solicita demuestra que no tiene ningún otro remedio en ley para evitar un daño. Senado de PR v. ELA, 203 DPR 62, 72 (2019).

**B.**

La Autoridad de Acueductos y Alcantarillados es una corporación pública e instrumentalidad autónoma del Estado Libre Asociado de Puerto Rico, creada en virtud de la Ley Núm. 40 de 1 de mayo de 1945, según enmendada, 22 LPRA sec. 142.

En virtud de la facultad concedida, la Autoridad de Acueductos y Alcantarillados promulgó el Reglamento Sobre el Uso de los Servicios de Acueducto y Alcantarillado Sanitario de Puerto Rico, Reglamento Número 8901 de 27 de enero de 2017. El Artículo 2.20 del Reglamento 8901, provee para la transferencia de deudas. Las objeciones a las facturas están reguladas por los artículos 2.25 y 3.09. Este último establece que el cliente o usuario puede objetar los cargos facturados y solicitar que la Autoridad

realice una investigación.  Toda objeción deberá radicarse dentro de los términos establecidos, de acuerdo con la Ley Núm. 33.

Mediante la aludida Ley Núm. 33 de 27 de junio de 1985, conocida como "Ley para Establecer Requisitos Procesales Mínimos para la Suspensión de Servicios Públicos Esenciales" se dispuso de un procedimiento administrativo para garantizar a los abonados o usuarios una adecuada oportunidad de objetar la corrección y procedencia de los cargos facturados, una adecuada notificación de la decisión de suspenderle el servicio por falta de pago y garantizar además la adecuada divulgación de la totalidad del procedimiento establecido. Artículo 1 de la Ley 33-1985, 27 LPRA sec. 262.

El Artículo 3 de la Ley Núm. 33-1985, establece que, "toda autoridad, corporación pública u otra instrumentalidad gubernamental que provea servicios esenciales a la ciudadanía dispondrá un **procedimiento administrativo** para la suspensión del servicio por falta de pago que deberá ajustarse para conceder los mecanismos y garantías mínimas al abonado, conforme al procedimiento dispuesto a continuación:" […] 27 LPRA sec. 262b. Una vez concluyan las etapas del trámite administrativo, el Artículo 3 (h) de la Ley 33, establece que "el abonado tendrá veinte (20) días a partir de la notificación de la decisión del examinador o árbitro para recurrir en revisión al Tribunal de Primera Instancia de Puerto Rico conforme a las disposiciones de la Ley Núm. 11 del 24 de julio de 1952, según enmendada, y a las Reglas Aplicables a los Recursos para la Revisión de Decisiones Administrativas ante el Tribunal de Primera Instancia." 27 LPRA sec. 262b.

Por otro lado, el Artículo 1 de la Ley 14 de 3 de enero de 2014, establece que, "La Autoridad de Acueductos y

Alcantarillados no podrá cobrar un balance pendiente de pago por concepto de servicio de agua de un abonado anterior a un nuevo abonado que solicite servicio de agua para la misma propiedad. Cualquier balance de pago pendiente será una obligación personal del cliente anterior y la Autoridad de Acueductos y Alcantarillados podrá usar los medios que en derecho correspondan, para cobrar cualquier deuda por suministro que no haya sido satisfecha." 22 LPRA sec. 169. El Artículo 4, autoriza a la Autoridad de Acueductos y Alcantarillados a adoptar todas las medidas reglamentarias, necesarias y convenientes, para cumplir con los propósitos de esta ley. 22 LPRA sec. 169.

### C.

Al amparo de la doctrina de agotamiento de remedios administrativos, una parte que desea obtener un remedio en una agencia debe utilizar todos los medios administrativos disponibles antes de acudir a un tribunal. Ello implica, pues, que la revisión judicial no está disponible hasta tanto la parte afectada haya utilizado todos los procedimientos correctivos ofrecidos por el procedimiento administrativo. AAA v. UIA, 200 DPR 903, 913 (2018); Guzmán y otros v. E.L.A., 156 DPR 693, 711 (2002); Municipio de Caguas v. AT&T, 154 DPR 401, 407 (2001). La mencionada doctrina busca cumplir varios objetivos, entre los cuales se encuentran: permitir que la agencia pueda desarrollar un historial completo del asunto ante su consideración; asegurar que la agencia pueda adoptar las medidas correspondientes en conformidad con la política pública formulada por la entidad, y evitar los disloques causados por las intervenciones inoportunas de los tribunales en distintas etapas interlocutorias. AAA v. UIA, *supra*, pág. 914. A su vez, la doctrina en cuestión facilita la revisión judicial, ya que asegura que los tribunales tengan

información más precisa sobre el asunto en controversia y les permite tomar una decisión más informada. Íd. Procura a su vez que la determinación administrativa refleje la postura final de la agencia. Colon Rivera et al, v. ELA, 189 DPR 1033, 1057 (2013).

**III.**

Inversiones M & M alega que la AAA violentó la Ley 33-1985, que prohíbe el corte del servicio mientras se desarrollaba el procedimiento administrativo de objeción de factura. Además, que incumplió con la Ley 14-2014 al realizar una transferencia de una deuda de un abonado anterior por la cantidad de $25,248.51. Señaló que, contrario a lo que alega la AAA, el demandante cumplió con el plan de pago, pero la AAA se negó a recibir los pagos y cortó el servicio. Mencionó que la AAA no realizó facturas separadas, sino que mantuvo juntas las deudas de $9,139.39 y la de $25,248.51. Adujo que en ningún momento la AAA le advirtió que cortaría el servicio por el alegado incumplimiento con el plan de pago. Aseveró que los remedios que proveen las leyes 33-1985 y la 14-2014 fueron violentados por la propia AAA. Nos propone el apelante que, de entender que no procede el remedio interdictal por la Regla 57, supra, que ordenemos la celebración de una vista en virtud de la Regla 56 de Procedimiento Civil para el aseguramiento de la sentencia.

La AAA por su parte alega que la sección 3.17 de la Ley de Procedimiento Administrativo Uniforme, Ley 38-2017, contempla un procedimiento similar al interdicto para atender la reclamación de la transferencia de la cantidad de $25,248.51 a la cuenta del apelante, el cual puede ser utilizado por la agencia de así solicitarse. Aduce que, al existir un procedimiento administrativo, el apelante debe agotar ese remedio. En cuanto a la suspensión del servicio, alegó que ello ocurrió porque el apelante no cumplió

con un acuerdo de plan de pago para satisfacer una deuda contraída antes de la transferencia. Por último, expresó que estará reestableciendo el servicio de agua, mientras se dilucida la reconvención. Evaluamos.

Sabido es que la concesión o denegación de un *injunction* es una determinación discrecional del juzgador. En estos procesos se exige que la parte promovente demuestre la ausencia de un remedio adecuado en ley.

De los hechos que informa esta causa es evidente que existen varias leyes que resguardan la reclamación de Inversiones M & M. Como muy bien indicó el TPI, mediante la Ley 33-1985 la cual prohíbe la suspensión del servicio de agua, se establecen los requisitos procesales administrativos para objetar la factura y aportar prueba. De manera que, en efecto existe un procedimiento adecuado en ley para atender su reclamo.

En cuanto a la alegación del apelante sobre la transferencia del balance de los $25,248.51 perteneciente a otro cliente y que luego se le suspendió el servicio, el foro primario entendió que este asunto puede ser atendido por el foro administrativo provisto por la Ley 33-1985 y que "de proceder alguna alegación en daños, la misma puede ser atendida por un procedimiento ordinario."[4] De manera que, el foro primario justipreció que el daño reclamado, de probarse en su día, es reparable bajo una causa de acción ordinaria de daños, lo cual elude el mecanismo interdictal. Esta determinación resultaría adecuada, por lo que, no amerita que la variemos.

Consideramos también que el apelante alude a que la AAA actuó de forma contraria a la Ley 14-2014. El Artículo 1 de la Ley 14- 2014, le prohíbe a la AAA cobrar un balance pendiente de pago

---

[4] Sentencia, Apéndice pág. 7.

por concepto de servicio de agua de un abonado anterior a un nuevo abonado que solicite servicio de agua para la misma propiedad. Esto reitera que, existen otras vías y fuentes de derecho, para que el apelante pueda reclamar a la AAA, sin que sea necesario acudir al remedio extraordinario del i*njunction*. En este punto, la AAA informa que, en el ámbito administrativo, la Sección 3.17 de la Ley de Procedimiento Administrativo Uniforme, provee un trámite similar al *injunction* el cual puede ser invocado por el apelante.

De manera que, al evaluar las circunstancias aquí presentadas, a tenor con el derecho aplicable, solo nos resta confirmar la determinación parcial del foro primario de desestimar la acción de Entredicho Provisional e Injunction Preliminar por falta de un daño irreparable al existir otros remedios ordinarios para la solución de la controversia.

Procede devolver la acción al foro primario para la continuación de los procedimientos, entre ellos debe atender los asuntos ocurridos luego de la presentación de este recurso. En particular el apelante nos informó que el 30 de enero de 2024 la AAA le envió una carta en la cual le informó que la reclamación por la transferencia del balance no estaba cubierta bajo el procedimiento establecido en la Ley Núm. 33-1985.

**IV.**

Por las razones aquí expresadas, confirmamos la Sentencia Parcial emitida por el Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones